# EXHIBIT A

**Electronically Filed**
**4/17/2026 2:43 PM**
**Steven D. Grierson**
**CLERK OF THE COURT**

GURSTEL LAW FIRM, P.C.
376 E Warm Springs Rd, Suite 240
Las Vegas, NV 89119
Nikki Dupree-O'Brien, Esq.  (#11111)
Sherry A. Moore, Esq.  (#11215)
Juliet McCarthy, Esq.  (#10401)
Janice Jacovino, Esq.  (#11612)
Leigh J. Merrill, Esq.  (#17099)
Telephone:  877-344-4002
NVcourt@gurstel.com
Attorneys for Plaintiff
GLF File #: COM81561

CASE NO: A-26-944433-C
Department 24

## EIGHTH JUDICIAL DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| XCMG North America Corporation, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. |
| v. | ) Dept. No. |
| | ) |
| CanLift Equipment Ltd. | ) **ARBITRATION EXEMPTION** |
| | ) **CLAIMED:** |
| Defendant. | ) **EQUITABLE RELIEF (UNJUST** |
| | ) **ENRICHMENT)** |

## <u>COMPLAINT</u>

COMES NOW, Plaintiff, XCMG North America Corporation, by and through its attorney,

Leigh J. Merrill, Esq., of Gurstel Law Firm, P.C., and alleges upon information and belief against

Defendant, CanLift Equipment Ltd., as follows:

## GENERAL ALLEGATIONS

### I.

XCMG North America Corporation ("Plaintiff") is informed , believes, and alleges that CanLift Equipment Ltd., is a Corporation domiciled and registered in Ontario, Canada ("Defendant").

### II.

Plaintiff and Defendant entered into a written agreement wherein Defendant was to receive and rent equipment and spare parts from Plaintiff, in exchange for rental share payments and buyouts to Plaintiff (the "Agreement").

### III.

Pursuant to the Agreement, Defendant was required to pay Plaintiff each calendar month seventy percent (70%) of all gross rental income collected or received during the calendar month as a result of renting Plaintiff's supplied equipment or spare parts (the "Rental Share").

### IV.

Pursuant to the Agreement, if payment was not made to Plaintiff as agreed, with such default continuing for five (5) business days, Plaintiff would be entitled to charge 1.5% interest per month on any unpaid balance, along with all direct expenses incurred by Plaintiff in its attempt to recover any balance due, including reasonable attorneys' fees.

### V.

Pursuant to the Agreement, at the expiration of the rental term for each piece of rented equipment, Defendant was required to buyout and purchase all units of the supplied equipment or parts (the "Buyout"). The Buyout was required to be exercised at any time on or before the expiration of the rental term for each specific piece of supplied equipment or parts.

**VI.**

Defendant defaulted on the Agreement by failing to make the Rental Share payments as agreed, and Defendant is indebted to Plaintiff for breach of the Rental Share provisions of the Agreement in the principal amount of $1,271,160.05, plus 18% per annum from and after October 5, 2024, plus Plaintiff's costs and reasonable attorneys' fees, or an amount to be set forth and proven at the time of trial. Further, Defendant is indebted to Plaintiff  in the principal amount of $114,471.42, plus interest at the rate of 1.5% per annum from and after September 17, 2024, plus Plaintiff's costs and reasonable attorneys' fees, for breach of the Buyout provisions of the Agreement.

**VII.**

That although duly demanded, Defendant has not paid Plaintiff as agreed, and remains in default and in possession of certain pieces of equipment and parts.

**FIRST CAUSE OF ACTION**
***(Breach of Contract -- Rental Share )***

**VIII.**

Plaintiff realleges and incorporates all of the allegations previously made in the preceding paragraphs as if fully set forth herein.

**IX.**

Defendant entered into an Agreement with Plaintiff whereby Defendant promised to pay, after each calendar month, seventy percent (70%) of all gross rental income collected and/or received during the calendar month, pursuant to the Rental Share provisions of the Agreement.

**X.**

It has been necessary for Plaintiff to retain the services of an attorney to prosecute this action, and Defendant should therefor be required to pay reasonable attorney's fees, along with costs incurred to

collect this judgment.

### XI.

Defendant breached the Rental Share provisions of the Agreement by failing to make the required payments, and as a result of said breach, owes to Plaintiff the principal amount of $1,271,160.05, plus interest at the rate of 1.5% per month from and after October 5, 2024, plus Plaintiff's costs and reasonable attorneys' fees, or an amount to be set forth and proven at the time of trial.

### SECOND CAUSE OF ACTION
### *(Breach of Contract – Buyout)*

### XII.

Plaintiff realleges and incorporates all of the allegations previously made in the preceding paragraphs as if fully set forth herein.

### XIII.

In accordance with the Agreement, at the expiration of the rental term for each piece of rented equipment or parts, Defendant was required to buyout and purchase all units of the supplied equipment or parts, with such Buyout required to be exercised at any time on or before the expiration of the rental term.

### XIV.

Defendant was supplied by Plaintiff two (2) electric scissor lifts with a total remaining amount due of $26,217.43, along with various parts totaling $88,253.99.

### XV.

Defendant breached the Agreement buy failing to perform according to the Buyout provisions of the Agreement, and as a result of said breach, owes to Plaintiff the principal amount of $114,471.42, plus interest at the rate of 18% per annum from an after September17, 2024, plus Plaintiff's costs and

reasonable attorneys' fees, or an amount to be set forth and proven at the time of trial.

### THIRD CAUSE OF ACTION- IN THE ALTERNATIVE
*(Unjust Enrichment)*

**XVI.**

Plaintiff realleges and incorporates all of the allegations previously made in the preceding paragraphs as if fully set forth herein.

**XVII.**

Plaintiff conferred benefit upon Defendant when it entered into the Agreement, with Defendant retaining certain rented equipment and parts without full payment to Plaintiff.

**XVIII.**

Defendant had full knowledge of said benefits being conferred, and voluntarily accepted the benefits of the Agreement.

**XIX**.

The benefit conferred on Defendant is valued in the principal amount of $1,385,631.47.

**XX.**

Unless Defendant is required to pay $1,385,631.47, or an amount to be set forth and proven at the time of trial, for Defendant's breaches of the Agreement, Defendant will be unjustly enriched in this amount at the expense of Plaintiff.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

1.  For its First Cause of Action, judgment in the principal amount of $1,271,160.05, plus interest at the rate of 1.5% per month from and after October 5, 2024;

2.  For its Second Cause of Action, judgment in the principal amount of $114,471.42, plus

interest at the rate of 1.5% month form and after September 17, 2024;

3.    In the alternative, for its Third Cause of Action, judgment in the principal amount of $1,385,631.47;

4.    For Plaintiff's costs and disbursements incurred herein;

5.    For Plaintiff's reasonable attorney's fees incurred herein;

6.    For such other and further relief as the Court may deem just and proper.

**Pursuant to NRS 239B.030 and NRS 603A.040, the undersigned does hereby affirm that this document does not contain the personal information of any person.

_April 17, 2026_                              GURSTEL LAW FIRM, P.C.

by Leigh J. Merrill, Esq.
Nikki Dupree-O'Brien (#11111)
Sherry A. Moore (#11215)
Juliet McCarthy (#10401)
Janice Jacovino (#11612)
Leigh J. Merrill (#17099)
Attorneys at Law

**Electronically Filed**
**4/30/2026 1:46 PM**
**Steven D. Grierson**
**CLERK OF THE COURT**

**IN THE MATTER OF SECTION 244 OF *THE BANKRUPTCY AND INSOLVENCY ACT* (CANADA) AND SECTION 63 OF *THE PERSONAL PROPERTY SECURITY ACT (ONTARIO)***

**AFFIDAVIT OF SERVICE**

I, Saad Ahmad, Process Server of the City of Hamilton, in the Province of Ontario, AFFIRM:

1.      I am a process server with KAP Litigation Services and, as such have knowledge of the following matters. Where I do not have direct knowledge of any matters set out in this Affidavit, I have stated the source of my information, and believe that information to be true.

2.      I served the plaintiffs, CanLift Equipment Ltd. with the Notice of Intention to Dispose of Collateral Under Section 63 of the *Personal Property Security Act (Ontario)* and a Notice of Intention to Enforce Security Under Section 244(1) of the *Bankruptcy and Insolvency Act (Canada)* by leaving a copy with Marko Dragicevic, Managing Partner, an adult person who appeared to be in control or management for CanLift Equipment Ltd., at the time of service, at the place of business at 4440 South Service Road, Burlington, ON L7L 5R8.

3.      I was able to identify the person by means of verbal admission.

**AFFIRMED BEFORE ME** at the ........*City of Toronto*........, in the Province of Ontario on ..*April*..... .......*28*....., 2026

_____
**Commissioner for Taking Affidavits**
*(or as may be)*

Matthew Alexander Attisano, a Commissioner, etc.,
Province of Ontario, for 758671 Ontario Inc. o/a KAP
Litigation Services, and for process serving only.
Expires May 14, 2028.

_____
(Signature of deponent)

Electronically Filed
4/30/2026 1:46 PM
Steven D. Grierson
CLERK OF THE COURT

Your Name: _Saad Ahmad_
Address: _80 Carlauren Rd., Unit 20, ~~Woodbridge~~_
City, State, Zip _Vaughan, Ontario,  L4L 7Z5_
Telephone: _416 818 2430_
Email Address: _saadahmad0130@gmail.com_
~~Self-Represented~~

## EIGHTH JUDICIAL DISTRICT COURT
## CLARK COUNTY, NEVADA

|  |  |
|---|---|
| XCMG North America Corporation<br>Plaintiff,<br><br>vs.<br><br>CanLift Equipment Ltd.<br>Defendant. | CASE NO:    A-26-944433-C<br><br>DEPT:    24 |

### AFFIDAVIT OF SERVICE
*(this form is to be completed by the person who serves the documents)*

I, *(name of person who served the documents)* ___Saad Ahmad___, declare
***(complete EVERY SECTION below):***

1.    I am not a party to or interested in this action and I am over 18 years of age.

2.    ***What Documents You Served.*** I served a copy of the (☒ *check all that apply*)

☑    Complaint for _XCMG North America Corporation_

☐    Summons

☐    Other: _____

3.    ***Who You Served.*** I served the *(☒ check one)*

☐    Plaintiff

☑    Defendant

4.    ***When You Served.*** I personally served the documents on *(date you served the documents) (month)* ___April___ *(day)* _24th_, 20_26_ at the hour of *(time)* _01_:_38_ ☐ a.m. ☑ p.m.

5.    ***Where You Served.*** I personally delivered and left the documents with (☒ *check one*)

☑    **The Party to the Case.** I served the documents on the party at the location below. *(complete the details below)*

Marko Dragicevic, Managing Partner of CanLift Equipment Ltd.
Name of Person Served

4440 South Service Road
Address Where Served

Burlington, Ontario, L7L 5M4
City, State, Zip Code

☐    **A Person Who Lives with the Party.** This is a person of suitable age and discretion who lives with the party. *(complete the details below)*

_____
Name of Person Served

_____
Address Where Served

_____
City, State, Zip Code

6.    I am not required to be licensed under Chapter 648 of the Nevada Revised Statutes or another provision of law because I am not engaged in the business of serving legal process within the state of Nevada.

**I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAW OF THE STATE OF NEVADA THAT THE FOREGOING IS TRUE AND CORRECT.**

_____    )
KIYAN JAMAL, a Notary Public           )
in and for the Province of Ontario       )
                                                            )
Dated ___April___ __29__, 2026        )

_____
Saad Ahmad

Dated __April 29th__, 2026

80 Carlauren Rd unit 20
Vaughan, Ontario, L4L 725
4168182430