Brenoch R. Wirthlin, Esq.
Nevada Bar No. 10282
WIRTHLIN & VERLAINE
400 s. 4th Street, Suite 300
Las Vegas, Nevada 89101
Telephone: (702) 529-1201
Facsimile: (702) 213-0294
Email: bwirthlin@wirthlinlawfirm.com

*Pro hac vice application forthcoming:*
Lisa M. Peters, Esq.
KUTAK ROCK LLP
The Omaha Building
1650 Farnam Street
Omaha, NE 68102
Telephone: (402) 346-6000
Email: lisa.peters@kutakrock.com

*Pro hac vice application forthcoming:*
Andrea Deleon Cruz, Esq.
KUTAK ROCK LLP
The Omaha Building
1650 Farnam Street
Omaha, NE 68102
Telephone: (402) 346-6000
Email: andrea.deleoncruz@kutakrock.com

*Attorneys for Plaintiff XCMG North America Corporation*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| XCMG North America Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CanLift Equipment, Ltd.,<br><br>Defendant. | Case No.: 2-26-cv-01508-APG-MDC<br><br>**PLAINTIFF'S MOTION TO EXTEND TIME TO REPLY TO DEFENDANT'S MOTION TO QUASH SERVICE OF SUMMONS AND COMPLAINT**<br><br>**(First Request)** |

Plaintiff, XCMG North America Corporation ("XCMG" or "Plaintiff"), by and through its counsel of record, Brenoch R. Wirthlin from WIRTHLIN & VERLAINE, respectfully submits its Motion to Extend Time to Reply to Defendant's Motion to Quash Service of Summons and Complaint. Plaintiff seeks a fourteen (14) day extension to file its

response. This is the first motion to extend Plaintiff's time to respond to Defendant's *Motion to Quash Service of Summons and Complaint* [Doc. 9] (the "Motion to Quash"), which Defendant filed on May 22, 2026.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. FACTUAL AND PROCEDURAL BACKGROUND

On April 17, 2026, Plaintiff filed a complaint in the Eight Judicial District Court of Clark County, Nevada (Case No. A-26-944433-C) (the "State Court Action"), alleging numerous causes of action for breach of contract and unjust enrichment against, Defendant CanLift Equipment, Ltd. ("CanLift" or "Defendant"). Shortly thereafter on April 24, 2026, a process server, Saad Ahmad, visited Defendant's company to serve process on Marko Dragicevic, an authorized officer for, and a corporate director of, CanLift. The process server executed an Affidavit of Service on April 29, 2026, which was filed in the State Court Action on April 30, 2026, certifying completion of service on Mr. Dragicevic.

Following service, Defendant sought to remove the case to federal court on May 21, 2026. The following day, Defendant filed its Motion to Quash alleging that Mr. Dragicevic had never been served. Plaintiff now seeks an extension to respond to Defendant's Motion to Quash to continue investigating and seeking to resolve alleged inconsistencies surrounding service.

### II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 6(b)(1)(A) ("Rule 6(b)"), "when an act may or must be done within a specific time, the court may, for good cause, extend the time" if the request is made before the original deadline expires. Fed. R. Civ. P. 6(b)(1)(A). Similarly, Local Rule IA 6-1 authorizes the Court to extend deadlines upon a showing of good cause. D. Nev. LR IA 6-1.

The Ninth Circuit has instructed that Rule 6(b) is to be applied liberally to promote resolution of cases or disputes on their merits rather than procedural defaults. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1256 (9th Cir. 2010) (ruling that Rule 6(b)(1) is a non-rigorous standard that should be construed broadly across procedural contexts).

Additionally, Courts consider factors such as bad faith on part of the moving party and the potential prejudice to the non-moving party. *Id.* at 1259. Neither factor applies here.

## III. LEGAL ARGUMENT

### A. Good Cause Exists to Extend Plaintiff's Time to Respond to Defendant's Motion to Quash.

Plaintiff contends that there is good cause to approve the requested extension. Defendant's Motion to Quash raises a factual dispute regarding the circumstances surrounding service of process. Specifically, Defendant states that service was not effected upon an authorized officer, director, or agent of Defendant and, thus, Defendant was not properly served. *See* Motion to Quash at p.1. According to Defendant, their representative, Mr. Dragicevic, had already left the subject premises for the day when the process server arrived at the company's office premises. *See* Motion to Quash, Exhibit C, Declaration of Marjo Dragicevic at ¶¶ 4–9.

Plaintiff's process server, however, has represented *twice* that service was successfully completed upon Mr. Dragicevic, or an individual portraying themselves to be Mr. Dragicevic. *See* Affidavit of Saad Ahmad, attached here to as **Exhibit A**. *See also* Motion to Quash, Exhibit B, Affidavit of Saad Ahmad at ¶¶ 2–5. As a result, there is a material discrepancy between Defendant's supporting declaration and Plaintiff's factual assertions based upon its process server's sworn affidavits.

Plaintiff has undertaken an investigation to determine the facts surrounding service and continues to attempt to gather additional evidence bearing on the identity and authority of the individual who accepted service on April 24, 2026. Without additional time, Plaintiff will be prejudiced in its ability to fully and fairly respond to Defendant's Motion to Quash. The requested time extension of fourteen (14) days will permit the parties and the Court to address the service issue on a complete factual record.

Furthermore, Defendant will not be prejudiced by the extension as it is beneficial for both parties to resolve the material discrepancy and ascertain an accurate rendition of events to determine whether service was effectuated and if any misrepresentations relating thereto

have been made.

## IV. CONCLUSION

The request set forth in this motion is made in good faith, is not sought for purposes of delay, and will promote judicial economy. Plaintiff, therefore, respectfully requests that the Court extend Plaintiff's deadline to respond to Defendant's Motion to Quash by fourteen (14) days, or grant any other remedy the Court deems proper.

Dated this 4th day of June, 2026

*/s/ Brenoch R. Wirthlin*

Brenoch R. Wirthlin, Esq. (10282)
400 S. 4th Street, Suite 300
Las Vegas, NV 89101
Tel: (702) 529-1202
bwirthlin@wirthlinlawfirm.com

*Attorneys for Plaintiff XCMG North America Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 4, 2026, I electronically transmitted a true and correct copy of **PLAINTIFF'S FIRST MOTION TO EXTEND TIME TO REPLY TO DEFENDANT'S MOTION TO QUASH SERVICE OF SUMMONS AND COMPLAINT** to the Clerk of the Court using the CM/ECF System, which transmitted a Notice of Electronic Filing to all counsel in this matter registered to receive Electronic Filing.

Dated this 4th day of June, 2026

*/s/ Jean Luker*
An Employee of Wirthlin & Verlaine