**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| XCMG North America Corporation,<br>Plaintiff,<br><br>vs.<br>CanLift Equipment Ltd.,<br>Defendant. | Case No. 2:26-cv-01508-APG-MDC<br><br>**ORDER DENYING MOTION TO QUASH (ECF NO. 9) AS MOOT** |

Defendant filed a *Motion to Quash Service of Summons and Complaint* ("Motion") (ECF No. 9). The Court **DENIES** the Motion as moot for the reasons below.

## I. BACKGROUND

This is a case arising out of a contractual dispute between parties. Plaintiff is a Delaware corporation and defendant is an Ontario, Canada corporation. *ECF No. 9* at 2. Plaintiff initiated a case in state court and subsequently filed two affidavits of service regarding defendant in April 2026 ("April 2026 Affidavits"). The April 2026 Affidavits indicate that defendant was served on April 24, 2026. *ECF No. 9*, *Exs. A*, *B*. Defendant then filed a Petition of Removal to this Court here on May 15, 2026 and this Motion on May 22, 2026. *ECF Nos. 1*, *9*. Plaintiff responded to the Motion (ECF No. 24) and defendant filed a reply (ECF No. 27) addressing plaintiff's Response.

## II. ANALYSIS

### A. The Hague Convention Governs Service In This Case

Under Federal Rule of Civil Procedure ("Federal Rule") 4, "the plaintiff is responsible for having the summons and complaint served within the time allowed by [Federal] Rule 4(m)[.]" A federal court lacks personal jurisdiction over a defendant until the defendant is served under Federal Rule of Civil Procedure 4. *Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir.1988). The burden of establishing proper service of process rests on

the plaintiff. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir.2004). Actual notice does not subject a defendant to personal jurisdiction, "if service was not made in substantial compliance with Rule 4." *Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013).

Federal Rule 4(h) governs service upon a domestic or foreign corporation. Fed. R. Civ. P. 4(h). A party may serve a foreign corporation "in any manner prescribed by [Federal] Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2). Service under Federal Rule 4(f) may be done "by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents" ("Hague Convention"). Fed. R. Civ. P. 4(f)(1).

The United States and Canada are parties to the Hague Convention. The Hague Convention thus applies when service of process is attempted abroad and there is an occasion to transmit a judicial document for that service abroad. *See* Hague Convention, Art. 1. The U.S. Supreme Court has interpreted this to mean that if service abroad is required by the forum state which the civil action is brought, the Hague Convention applies. *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707 (1988) (holding that "where service on a domestic agent is valid and complete under both state law and the Due Process Clause, our inquiry ends and the Convention has no further implications."); *see also Hatami v. Kia Motors America, Inc.*, No. SA CV 08–226 DOC (MLGx), 2008 WL 4748233, at *3 (C.D. Cal. October 29, 2008) ("[T]he Hague Convention only applies when service must be effectuated abroad"); *Brown v. China Integrated Energy, Inc.*, 285 F.R.D. 560, 564 (C.D. Cal. 2012) ("If valid service occurs in the United States, therefore, the Convention is not implicated regardless of the location of the party").

Where a case is removed from state court to federal court, state law governs the question of whether service of process was sufficient prior to removal. *See Whidbee v. Pearce County State Mun.*

*Ct.*, 857 F.3d 1019, 1023 (9th Cir. 2017). The Nevada Rules of Civil Procedure ("Nevada Rules") relevantly state:

> [Rule 4.2 Service Within Nevada] (c) Serving Entities and Associations.
>
> (2) Other Foreign Entities and Associations. A foreign entity or association that cannot be served under Rule 4.2(c)(1) [which addresses service to entities "formed [in Nevada], is registered to do business in [Nevada], or has appointed a registered agent [Nevada]."] may be served by delivering a copy of the summons and complaint to any officer, director, partner, member, manager, trustee, or agent identified in Rule 4.2(c)(1) that is located within this state.
>
> [Rule 4.3 Service Outside Nevada] (b) Service Outside the United States.
>
> (1) Serving an Individual. Unless otherwise provided by these rules, an individual—other than a minor, an incapacitated person, or a person whose waiver has been filed—may be served at a place outside of the United States:
>
> (A) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.
>
> . . . .
>
> (3) Serving Entities or Associations. An entity or association that is outside the United States may be served in any manner prescribed by Rule 4.3(b)(1) for serving an individual, except personal delivery under Rule 4.3(b)(1)(B)(iii)(a).

Nev. R. Civ. Pro. 4.2(c), 4.3(b). Defendant is a Canada corporation, and neither party offers any evidence of a person located in Nevada that can accept service on defendant's behalf. *See ECF No. 9* at 2; *Docket*. Therefore, Nevada law and the Hague Convention govern service here.

**B. General Legal Principles Under The Hague Convention**

Article 2 of the Hague Convention provides that each contracting state shall designate a Central Authority that will receive requests for service from other contracting States. Hague Convention, Art. 2. The principal method of service under the Convention is through the designated Central Authority. However, Article 10 of the Hague Convention provides further detail as to how service can be affected:

> Provided the State of destination does not object, the present Convention shall not interfere with – (b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

Hague Convention, Art. 10. "Canada did not specifically object to the alternative means of service." *Joescan, Inc. v. LMI Technologies, Inc.*, No. C07-5323RJB, 2007 WL 2253319, at *1 (W.D. Wash. August 2, 2007). Thus, "[plaintiff] was free to [perfect] service through a competent person of the State of destination in a manner prescribed by a Canadian court of general jurisdiction." *Id.* Although the Hague Convention does not explicitly address who are competent persons, courts have also stated that process servers may be used by parties to effectuate service in Canada under the Hague Convention. *See, e.g.*, *Lima v. Skyline Ziplines, Ltd.*, No. 3:19-CV-2160-AJB-BLM, 2020 WL 7338295, at *4 (S.D. Cal. December 11, 2020). Moreover, given that the service attempt at issue here occurred in Ontario, Canada, the Ontario Rules of Civil Procedure apply in evaluating plaintiff's service attempts. *Loyal Health & Fitness, Inc. v. Taskoob, Inc.*, No. 23-CV-00382-RSH-NLS, 2023 WL 3938867, at *2 (S.D. Cal. June 9, 2023).

Ontario Rule of Civil Procedure ("Ontario Rule") 16.02(1)(c) states that to serve a corporation, you shall leave "a copy of the document with an officer, director or agent of the corporation, or with a person at any place of business of the corporation who appears to be in control or management of the place of business[.]" *Id.*; s*ee also Loyal Health & Fitness, Inc.* 2023 WL 3938867, at *2 (citing and reling on Ontario Rule 16.02(1)(c)).

### C. Plaintiff Properly Served Defendant On June 4, 2026

Plaintiff argues that the Motion is moot because it properly served defendant after the Motion was filed. *ECF No. 24*.[1] Plaintiff filed an affidavit of service on June 11, 2026, which stated that it

[1] The Court notes that service of a summons and complaint after removal is subject to Federal Rule of Civil Procedure 4, not Nevada law. *See Whidbee v. Pierce Cnty.*, 857 F.3d 1019, 1023 (9th Cir. 2017).

served defendant on June 4, 2026 ("June 2026 Affidavit"). *ECF No. 18*. The June 2026 Affidavit also stated that plaintiff's process server served Ryan Fitzgibbon "[a director of defendant] with the Complaint and Summons in this matter" at an Ontario, Canada address. *Id.* Rule 16.02(1)(c) specifically provides that a corporation may be served via a director. Ont. R. Civ. P. 16.02(1)(c). Plaintiff makes a *prima facie* showing that it properly served defendant. *See Bank of N.Y. Mellon v. Loyo-Morales*, No. 21-16041, 2022 WL 1616980, at *1 (9th Cir. May 23, 2022) (stating "an affidavit of service attesting to personal service on the defendant constitutes a prima facie showing that service was proper." (citing *SEC v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007)).

Defendant objects to plaintiff's service by arguing that "there is no evidence that individual [Mr. Fitzgibbon] has sufficient control over the business to render them authorized to accept service and that individual was not listed as an officer on the corporate profile." *ECF No. 27* at 3. However, plaintiff provided records from the Ontario Ministry of Public and Business Service that identify Mr. Fitzgibbon as an active director of defendant. *ECF No. 18* at 8-9. Moreover, the address where Fitzgibbon was served is listed on Ontario government records as an address for service. *See id.* Defendant does not dispute the authenticity or accuracy of such evidence provided by plaintiff. Ontario Defendant's objection to plaintiff's service thus fails. Therefore, plaintiff properly served defendant on June 4, 2026 and defendant's Motion is denied as moot.

Pursuant to the Court's broad discretion and because the Motion is being denied, defendant shall also answer or otherwise respond to plaintiff's Complaint by **September 29, 2026**. *See Mediterranean*

---

However, neither party offers any evidence of a person located in the United States that can accept service on defendant's behalf. *See Docket*. Defendant can thus only be served abroad under the Federal Rules as well. *See* Fed. R. Civ. P. 4(e)(1), (f), (h). Therefore, the Hague Convention still applies regarding plaintiff's June 2026 service to defendant. *See Schlunk*, 486 U.S. at 707 (1988).

*Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) ("The trial court possesses the inherent power to control its own docket and calendar.").[2]

ACCORDINGLY,

**IT IS ORDERED** that:

Defendant's *Motion to Quash* (ECF No. 9) is **DENIED** is moot. Defendant shall answer or otherwise respond to plaintiff's Complaint by **September 29, 2026**.

DATED: September 15, 2026

IT IS SO ORDERED.

Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

[2] To the extent that plaintiff requests for a shorter deadline for defendant to respond to the Complaint (*see* ECF No. 24 at 4), the Court denies such a request. Plaintiff proffers its own authorities to support its position. However, its authorities do not announce any binding, black letter law that compels the Court to give defendant a shorter deadline nor does the Court find them persuasive under the circumstances here.